UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DEMETRIUS S. AUTERY,**

    **Petitioner,**

v.                                    CASE NO. 8:14-CV-2691-T-27TGW
                                          CRIM. CASE NO. 8:06-CR-444-T-27TGW

**UNITED STATES OF AMERICA,**

    **Respondent.**
_____/

## ORDER

BEFORE THE COURT are Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (CV Dkt. 1) and memorandum of law in support of the § 2255 motion (CV Dkt. 2), and the Government's Motion to Dismiss (CV Dkt. 5).[1] Upon consideration, the Government's Motion to Dismiss is GRANTED.

### PROCEDURAL BACKGROUND

On January 9, 2007, Petitioner pleaded guilty pursuant to a written plea agreement to Count One of the Indictment which charged Petitioner with possession with intent to distribute fifty (50) grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii) (CR Dkt. 13). On April 4, 2007, Petitioner was sentenced to two hundred forty (240) months imprisonment to be followed by 120 months supervised release (CR Dkt. 21).

Petitioner did not appeal his conviction or sentence. On October 24, 2014, Petitioner filed his § 2255 motion and memorandum of law in support (CV Dkts. 1, 2). The Government filed its

---

[1] Although afforded the opportunity, Petitioner did not file a reply to the Government's Response/Motion to Dismiss (CV Dkt. 3).

Motion to Dismiss on February 6, 2015, contending that Petitioner's § 2255 motion is (1) time-barred, and (2) barred by the collateral attack waiver in his plea agreement.

## DISCUSSION

**Timeliness**

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), effective April 24, 1996, establishes a one-year limitation period for § 2255 motions. *See Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998). Specifically, § 2255 provides that the one-year limitation shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). *See also Pruitt v. United States*, 274 F.3d 1315, 1317 (11th Cir. 2001).

The Judgment in Petitioner's criminal case was entered on April 4, 2007 (CR Dkt. 24). Because Petitioner did not file a direct appeal, his judgment of conviction became "final" under § 2255(f)(1) ten days later, on April 14, 2007. *See Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011) ("when a defendant does not appeal his conviction or sentence, the judgment of conviction becomes final when the time for seeking that review expires"); Fed. R. App. P. 4(b)(1)(A) & (b)(1)(A)(i) (2007) (criminal defendant's notice of appeal must be filed within 10 days after the

entry of the judgment). Petitioner therefore had one year from that date, April 14, 2008, to file his § 2255 motion. He did not file the § 2255 motion until October 24, 2014, more than six years after the limitation period expired. Consequently, Petitioner's § 2255 motion is untimely under § 2255(f)(1).

To the extent Petitioner argues that his § 2255 motion is timely under § 2255(f)(3) because the statute of limitations should run from the date *Persuad v. United States*, 134 S.Ct. 1023 (2014) was decided, the argument is without merit.[2] *Persuad* is of no assistance to Petitioner because the Supreme Court did not issue a substantive decision in *Persuad* recognizing a new right. Rather, the Supreme Court granted certiorari, vacated a decision by the Fourth Circuit Court of Appeals, and remanded for further consideration in light of the Solicitor General's brief. *Persaud*, 134 S. Ct. at 1023. Therefore, the § 2255 motion is not subject to a later statute of limitations based on § 2255(f)(3).

Neither does § 2255(f)(4) extend the limitation period. A judicial decision does not constitute new factual information affecting a defendant's claim. *See Madaio v. United States*, 397 Fed. Appx. 568, 570 (11th Cir. 2010) ("Since Section 2255(f)(4) is predicated on the date that 'facts supporting the claim' could have been discovered, the discovery of a new court legal opinion, as opposed to new factual information affecting the claim, does not trigger the limitations period.").

Finally, if Petitioner's § 2255 motion could be construed to include a claim of actual innocence, he fares no better.[3] Petitioner makes no showing of actual innocence. "Actual

---

[2] See CV Dkt. 2.

[3] "Actual innocence may provide a gateway to review of an otherwise time-barred § 2255 motion." *Barger v. United States*, 2015 U.S. Dist. LEXIS 30511, at * 3-4 (M.D. Ala. Feb. 18, 2015) (citing *McQuiggin v. Perkins*, U.S. , , 133 S. Ct. 1924, 1928 (2013) ("[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a proceduralbar ... or, as in this case, expiration of the statute

3

innocence," for these purposes, means "factual innocence," as opposed to mere legal innocence. *Bousley v. United States*, 523 U.S. 614, 623 (1998); *Rozzelle v. Sec'y, Fla. Dept. of Corr.*, 672 F.3d 1000, 1013 (11th Cir. 2012). A showing of actual innocence "requires the petitioner to produce new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Melson v. Allen*, 548 F.3d 993, 1002 (11th Cir. 2008) (quotation omitted). "[T]o show actual innocence one must show by clear and convincing evidence that but for a constitutional error, no reasonable juror would have found the petitioner [guilty]." *Sawyer v. Whitley*, 505 U.S. 333 (1992).

Petitioner does not allege or demonstrate that he is factually innocent of the crime for which he was convicted. Accordingly, in the context of a limitations discussion, Petitioner has failed to make a showing of actual innocence that would allow this Court to review his time-barred § 2255 motion.

In sum, Petitioner's conviction became final more than one year before he filed his § 2255 motion. None of the statutory exceptions which extend the one year limitation period apply. And Petitioner makes no showing of equitable tolling[4] or actual innocence. The § 2255 motion is therefore time-barred.[5]

Accordingly, it is **ORDERED** that:

1. The Government's Motion to Dismiss (CV Dkt. 5) is **GRANTED**. Petitioner's Motion

---

of limitations.").

[4]The limitations period under § 2255(f) is subject to equitable tolling. *See Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (holding that "[e]quitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.").

[5]In light of this conclusion, the Court need not address the Government's remaining argument that the appeal waiver in Petitioner's written plea agreement precludes relief.

to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (CV Dkt. 1) is **DISMISSED** as time-barred. The **Clerk** is directed to enter judgment against Petitioner and close this case.

2. No certificate of appealability will issue. Petitioner is entitled to a certificate of appealability only if he shows that reasonable jurists would find debatable (1) whether the court was correct in its procedural ruling, and (2) whether the § 2255 motion stated "a valid claim of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner cannot make the required showing. Specifically, Petitioner cannot show by citation of contrary authority or otherwise that reasonable jurists would debate the determination that the § 2255 motion is time-barred or that he stated a substantial denial of a constitutional right. And, because Petitioner is not entitled to a certificate of appealability, he is denied leave to proceed on appeal *in forma pauperis*.

**DONE AND ORDERED** in Tampa, Florida, on _March 26th_, 2015.

JAMES D. WHITTEMORE
United States District Judge

SA:sfc
Copy furnished to:
*Pro Se* Petitioner
Kelley C. Howard-Allen, AUSA